UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4625

DARRYL THOMAS, a/k/a D,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-96-26)

Submitted: November 25, 1997

Decided: December 29, 1997

Before HALL, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert G. Cabell, Jr., ROBERT CABELL & ASSOCIATES, Rich-
mond, Virginia, for Appellant. Helen F. Fahey, United States Attor-
ney, Nicholas S. Altimari, Assistant United States Attorney, Marc L.
Penchansky, Third Year Legal Intern, Richmond, Virginia, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

After pleading guilty, pursuant to a written plea agreement, to possession with intent to distribute cocaine base, **1** and maintaining a place for distribution and use of controlled substances, **2** Darryl Thomas received a sentence of 240 months incarceration. In his plea agreement, Thomas waived his right to appeal his sentence; however, Thomas now appeals claiming that the district court sentenced him contrary to law. Specifically, Thomas contends that the district court erred by finding him responsible for at least 1.5 kilograms of crack cocaine and sentencing him under the federal sentencing guidelines for crack cocaine instead of powder cocaine. We find that Thomas knowingly and freely waived his right to appeal; consequently, we dismiss the appeal.

A defendant may, as part of a plea agreement, agree to waive his right to appeal a sentence imposed under the federal sentencing guidelines.**3** Thomas's plea agreement provided, in part,

> Defendant is aware that Title 18 United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, Defendant THOMAS knowingly waives the right to appeal his sentence (or the manner in which it was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any other ground whatever, in exchange for the concessions made by the United States in this Plea Agreement .

However, the waiver will have no effect unless the record shows that

_____

**1 See** 21 U.S.C. § 841 (1994).

**2 See** 21 U.S.C. § 856 (1994).

**3 See United States v. Wiggins**, 905 F.2d 51, 53 (4th Cir. 1990).

2

it was knowing and voluntary, and that the court specifically questioned Thomas concerning the waiver provision.[4]

At the FED. R. CRIM. P. 11 colloquy, the district court thoroughly questioned Thomas to ensure he was competent to enter a plea, and that he understood the nature and consequences of his plea. Specifically, the court inquired into Thomas's education, mental health, use of drugs or medication, and whether Thomas understood all the rights he was forfeiting by pleading guilty. Thomas acknowledged that he understood his rights, consulted with counsel, understood the consequences of his plea, and was freely and voluntarily pleading guilty. Further, the court asked Thomas if the agreed statement of facts accurately reflected his participation in the criminal conduct to which he was pleading guilty. Thomas answered, "Yes, sir." Accordingly, we find that Thomas made an intelligent and informed decision when he voluntarily pled guilty.[5]

Moreover, the court asked Thomas if he understood that he was waiving the right to appeal his sentence. Thomas answered, "Yes, sir." Further, the court inquired whether Thomas had discussed the waiver provision with counsel and fully understood the consequences of his action. Again, Thomas answered, "Yes, sir." Because the court fully questioned Thomas during the Rule 11 hearing regarding waiving his appellate rights, and Thomas's statements at a plea colloquy are "strong evidence of voluntariness,"[6] the waiver of appellate rights is valid and enforceable.[7]

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

_____

[4] **See United States v. Marin**, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991).

[5] **See North Carolina v. Alford**, 400 U.S. 25, 31 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969).

[6] **See United States v. Defusco**, 949 F.2d 114, 119 (4th Cir. 1991).
[7] **See United States v. Wessells** , 936 F.2d 165 (4th Cir. 1991); United States v. Wiggins, 905 F.2d 51 (4th Cir. 1990).